MORRIS FISHBEIN, Plaintiff, Respondent, *v.* ABRAHAM
SCHWARZBART, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, June 27, 1924.

**Trial — action on promissory note — motion for new trial on ground of
newly-discovered evidence — date of discount fixed by testimony of
plaintiff's witness at variance with new testimony — new trial granted
where defendant could not have anticipated new testimony.**

A motion for a new trial on the ground of newly-discovered evidence should be
granted the defendant in an action on a promissory note where the newly-dis-
covered evidence consists of defendant's discovery that the discount of the note,
which plaintiff's only disinterested witness at the trial fixed as some time in
July, 1920, never occurred, and where the defendant could not have anticipated
the testimony of the witness.

MULLAN, J., dissents.

APPEAL by defendant from an order of the Municipal Court of
the city of New York, borough of Manhattan, fourth district,
denying his motion for a new trial on the ground of newly-discovered
evidence.

*Myers & Kutner* (*David C. Myers,* of counsel), for the appellant.

*Korkus & Korkus* (*Edwin F. Korkus,* of counsel), for the
respondent.

*Per Curiam.* This action is on a promissory note, the plaintiff
contending, in substance, that he obtained the cash therefor on or
about July 21, 1920, the defendant claiming that it was delivered
for what is substantially an illegal consideration sometime in
September, 1920.

At the trial plaintiff's only disinterested witnesses identified the
date as being in July when he delivered the cash for the note to the
plaintiff, the witness himself testifying that he had forthwith
discounted it at his own bank. Subsequently the defendant dis-
covered that no such discount transaction had occurred, as is proved
by the affidavit of the auditor of the bank.

This appears to me to be clearly newly-discovered evidence.
Defendant could not have anticipated that the date of the negotia-
tion of the note would be established by plaintiff through a third
party, or that the third party would testify that he had cashed the
note at his bank. Moreover, it is manifestly material in view of
the fact that it was the only testimony which fixed the date of
negotiation absolutely by what is practically a physical fact. Its
importance is emphasized by the answering affidavit of the witness

whose only explanation is that he " may have been mistaken in testifying after a lapse of three years * * * that he had procured the money from a bank."

Order reversed, motion granted, judgment vacated, and a new trial ordered, with thirty dollars costs to abide the event.

Bijur and Levy, JJ., concur; Mullan, J., dissents.

Order reversed, judgment vacated and new trial ordered.